UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
FIREBIRD GLOBAL MASTER                    )
FUND II LTD.,                             )
                                          )
          Plaintiff,                      )
                                          )
          v.                              )     Civil Action No. 12-230 (RWR)
                                          )
REPUBLIC OF NAURU,                        )
                                          )
          Defendant.                      )
_____)

<u>MEMORANDUM OPINION</u>

Plaintiff Firebird Global Master Fund II Ltd. ("Firebird") brings this action under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 <u>et seq.</u>, seeking to enforce a foreign judgment against the defendant Republic of Nauru ("Nauru"). After default was entered against Nauru, Firebird moved for entry of default judgment arguing that Nauru waived sovereign immunity and Firebird is entitled to enforce the foreign judgment against Nauru in the United States. Because Firebird has not shown that Nauru waived sovereign immunity as to United States courts, the court lacks subject matter jurisdiction, the motion for entry of default judgment will be denied, and the complaint will be dismissed.

<u>BACKGROUND</u>

The Republic of Nauru Finance Corporation ("Ronfin") issued two series of Japanese yen bond certificates, Series B and Series C certificates. Compl. ¶¶ 7-8. Nauru guaranteed paying

- 2 -

principal and interest on the bond certificates in bond purchase agreements. Id. ¶ 10. Nauru explicitly waived sovereign immunity as to the courts of Japan and Nauru in the Conditions of Guarantee annexed to the bond purchase agreements. Id., Ex. B, Series B Bond Purchase Agreement Annex 2, ¶ 9 and Series C Bond Purchase Agreement Annex 2, ¶ 9. On the relevant redemption dates, Ronfin did not redeem the bond certificates. Id. ¶ 9. Firebird currently holds the bond certificates. Id. ¶ 13. Firebird brought an action in the Tokyo District Court against Nauru seeking payment of the principal and interest on the bonds. Id. ¶ 14. In 2011, the Tokyo District Court ruled in favor of Firebird and awarded the equivalent of $37,427,658.29 in Japanese yen to Firebird. Id. ¶¶ 15-16; see also id., Ex. A at 1, 20. Firebird seeks to enforce that award here. The Clerk entered default and Firebird moves for entry of default judgment.

## DISCUSSION

The FSIA is "the sole basis for obtaining jurisdiction over a foreign state in [United States] courts" and "'must be applied by the district courts in every action against a foreign sovereign[.]'" Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 434-35 (1989) (quoting Verlinden B.V. v. Central Bank of Nigeria, 461 U.S. 480, 493 (1983)). "Under the [FSIA], a foreign state is presumptively immune from the jurisdiction of United States courts; unless a specified

- 3 -

exception applies, a federal court lacks subject-matter jurisdiction over a claim against a foreign state." <u>Saudi Arabia v. Nelson</u>, 507 U.S. 349, 355 (1993) (citing <u>Verlinden B.V.</u>, 461 U.S. at 488-89); <u>see also</u> <u>Kilburn v. Socialist People's Libyan Arab Jamahiriya</u>, 376 F.3d 1123, 1126 (D.C. Cir. 2004) (citing 28 U.S.C. § 1604).

Default judgment may not be entered against a foreign state under the FSIA "unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."  28 U.S.C. § 1608(e).  This provision "'imposes a duty on FSIA courts to not simply accept a complaint's unsupported allegations as true, and obligates courts to inquire further before entering judgment against parties in default.'"  <u>Wultz v. Islamic Republic of Iran</u>, 864 F. Supp. 2d 24, 28-29 (D.D.C. 2012) (quoting <u>Rimkus v. Islamic Republic of Iran</u>, 750 F. Supp. 2d 163, 171 (D.D.C. 2010)).  In evaluating whether a plaintiff has sufficiently established its claim, courts may accept the plaintiff's "uncontroverted factual allegations, which are supported by . . . documentary and affidavit evidence."  <u>Oveissi v. Islamic Republic of Iran</u>, Civil Action No. 11-0849 (RCL), 2012 WL 3024758, at *2 (D.D.C. July 25, 2012) (internal quotation marks omitted).

Firebird argues that the waiver exception to sovereign immunity in 28 U.S.C. § 1605(a)(1) is applicable in this case. That exception denies immunity to a foreign state when

- 4 -

> the foreign state has waived its immunity either explicitly
> or by implication, notwithstanding any withdrawal of the
> waiver which the foreign state may purport to effect except
> in accordance with the terms of the waiver[.]

28 U.S.C. § 1605(a)(1).  Generally, with regard to express

waivers under this provision, "[a] foreign sovereign will not be

found to have waived its immunity unless it has clearly and

unambiguously done so."  <u>World Wide Minerals, Ltd. v. Republic of</u>

<u>Kazakhstan</u>, 296 F.3d 1154, 1162 (D.C. Cir. 2002).  "[E]xplicit

waivers of sovereign immunity are narrowly construed in favor of

the sovereign and are not enlarged beyond what the language

requires."  <u>Id.</u> (internal quotation marks omitted).

    Firebird argues that Nauru's explicit waiver in the

Conditions of Guarantee annexed to the Bond Purchase Agreement

waived any and all defenses, including sovereign immunity.  Pl.'s

Mot. for Entry of Final J. by Default ("Pl.'s Mot.") at 4-5.

Firebird also claims that the waiver is "not limited to actions

brought in Japan or Nauru, but goes to *any legal action relating*

*to the Guarantee*[.]"  <u>Id.</u> at 5.  However, the context of the

language in the Conditions of Guarantee indicates otherwise.  The

relevant provision in the Conditions of Guarantee for both series

of bonds states:

> Any legal action relating to the Guarantee (including the
> Conditions of Guarantee) may be brought against the Republic
> in the Tokyo District Court . . ., to the jurisdiction of
> which the Republic hereby expressly and irrevocably submits
> for purposes of any such action.  Any such action may also
> be brought against the Republic in any competent court of
> the Republic.  To the extent permitted by applicable law the

- 5 -

Republic hereby irrevocably waives any immunity to which it might otherwise be entitled from jurisdiction, suit, attachment, judgment or execution in any such action.

Compl. Ex. B, Series B Bond Purchase Agreement Annex 2, ¶ 9 and

Series C Bond Purchase Agreement Annex 2, ¶ 9.

Firebird relies on Capital Ventures Int'l v. Republic of

Arg., 552 F.3d 289 (2d Cir. 2009).   In that case, Capital

Ventures, the owner of the bonds, brought suit against Argentina,

the issuer of the bonds, after Argentina defaulted on principal

and interest payments.   Id. at 291-92.   The bonds in that case

were issued with an offering circular which provided: 1) a forum

selection clause which waived immunity in the District Court in

Frankfurt and any federal court in Buenos Aires, and 2) an

immunity clause which waived "any immunity (sovereign or

otherwise) from jurisdiction of any court or from any legal

process[.]"   Id. at 291-92.   The Second Circuit found that

despite the limited forum selection clause, Argentina had

explicitly waived its sovereign immunity to suit in the United

States because of the broad statement waiving immunity from

jurisdiction of "any court."   Id. at 293-94.   The court concluded

that "a waiver of sovereign immunity [from suit in the United

States] can be explicit even when other provisions of the

document are applicable only to specific, non-United States

jurisdictions."   Id. at 296.

However, that principle does not apply here.  Nauru has not
waived sovereign immunity as to "any court" as Argentina did.
Read in context, "any such action" in the Conditions of Guarantee
refers directly to the previous sentences discussing legal
actions brought in Japan or Nauru.  The plaintiff asserts no
reason to disregard the plain text of the contract and find that
the waiver of sovereign immunity, based on the Conditions of
Guarantee, goes beyond the courts of Japan and Nauru.  Further,
the Bond Purchase Agreement and the Conditions of Bond restrict
the forum selection clause and Ronfin's waiver of sovereign
immunity to the courts of Japan and Nauru.  See Compl., Ex. B,
Series B Bond Purchase Agreement ¶ 8.2 and Annex 1, ¶ 28,
Series C Bond Purchase Agreement ¶ 8.2 and Annex 1, ¶ 26.  In
these circumstances, the waiver of sovereign immunity cannot
sustain an action in the United States.  See Atl. Tele-Network
Inc. v. Inter-Am. Dev. Bank, 251 F. Supp. 2d 126, 133 (D.D.C.
2003) (finding that Guyana's waiver of sovereign immunity "gives
no intimation that it was ever thereby contemplating suit in the
United States, and the subsection's juxtaposition immediately
below a [limited] choice-of-law selection clause . . . and above
a [limited] forum-selection clause . . . in the only section of
the entire contract devoted to the resolution of disputes
suggests strongly to the contrary").  The limited nature of the
waivers of sovereign immunity in this case and the obligation to

- 7 -

narrowly construe explicit waivers in favor of the sovereign doom the plaintiff's argument under 28 U.S.C. § 1605(a)(1).

Firebird asserts in a footnote that it can also proceed under 28 U.S.C. § 1605(a)(2), the commercial activity exception to the FSIA.  Pl.'s Mot. at 4 n.1.  Under this exception, the FSIA does not recognize a foreign state's immunity where

> the action is based upon . . . an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States[.]

28 U.S.C. § 1605(a)(2).  Firebird argues merely that this exception is applicable because Firebird "maintains its principal place of business in New York [and] was directly harmed by Nauru's failure to honor its Guarantees."  Pl.'s Mot. at 4 n.1.  Firebird cites Republic of Argentina v. Weltover, Inc., 504 U.S. 607 (1992).

In Weltover, Argentina issued and later defaulted on bonds. The Supreme Court found that Argentina's conduct constituted a commercial activity for the purposes of the FSIA because "when a foreign government acts, not as regulator of a market, but in the manner of a private player within it, the foreign sovereign's actions are 'commercial' within the meaning of the FSIA."  Id. at 614.  Weltover emphasized that the FSIA's analysis is focused on the "nature" of the activity, and Argentina creating debt instruments was directly analogous to "a private commercial transaction."  Id. at 615-16.  Similarly, in this case, Nauru

- 8 -

issuing bonds qualifies as a commercial activity.  However, this exception also requires that the act have "cause[d] a direct effect in the United States."  28 U.S.C. § 1605(a)(2).  Firebird attempts to satisfy this prong merely by stating that Firebird's principal place of business is New York and the company was harmed by Nauru's breach.  Pl.'s Mot. at 4 n.1.  Firebird provides no evidence -- documentary, affidavit, or otherwise -- to support these assertions as is required by the FSIA.  Because Firebird has not shown that Nauru waived sovereign immunity as to United States courts under either exception of the FSIA, Firebird is not entitled to entry of default judgment or entitled to proceed in this action.

<u>CONCLUSION</u>

Firebird has not overcome Nauru's presumptive immunity from suit in a United States court, and there is no subject matter jurisdiction over this claim.  The motion for a default judgment will be denied, and the complaint will be dismissed for lack of subject matter jurisdiction.  An appropriate Order accompanies this memorandum opinion.

SIGNED this 15th day of January, 2013.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge